I concur in the result reached by the majority. However, I would reach this decision by different reasoning. R.C. 3113.215 (B)(6)(a) provides that if a court issues a shared-parenting order, after computing each parent's child-support obligation on line 24 of the Child Support Worksheet, the court shall order an amount of child support to be paid that is calculated in accordance with the schedule and the worksheet through line 24, except that if application of the schedule in the worksheet through line 24 would be unjust or inappropriate, and not in the best interest of the child, the court may deviate from the amount of support that would be ordered in accordance with the worksheet through line 24. If the court determines that the obligation as calculated through line 24 is unjust or inappropriate, and is not in the best interest of the child, the court must enter the determination in its journal and make findings of fact in support of this determination. Based on the clear language of the statute, I believe this court's decision in French v. Burkhart (May 22, 2000), Delaware App. No. 99CAF07038, unreported, improperly allowed a trial court to use a sole custody calculation with deviations in setting child support in a shared parenting case. I believe the better approach, and the approach clearly supported by the statute, is that espoused by the First District in Weinberger v. Weinberger (May 15, 1998), Hamilton Appellate No. C-970552, unreported. I would hold that the court first must calculate each parent's child support obligation to line 24 of the worksheet, and must require each parent to pay this amount, unless the court makes specific findings to support a decision that the worksheet amount is unjust, inappropriate, and is not in the best interest of the child. While the phrase "shared parenting" implies that the parties spend equal time with the child, it is in fact a shared custodial arrangement, and in reality, one parent frequently spends more time with the child than the other parent, and one parent may incur more expenses associated with the child. In determining whether the worksheet obligation of each parent is unjust or inappropriate, or not in the best interest of the child, the court should give heavy weight to factors such as the amount of time the child spends with each parent, and what share of the expenses associated with the child each parent is responsible for on a day-to-day basis. I believe this approach, in contrast to entirely ignoring the financial obligation of one parent, gives the court a fair starting point, but allows the court some latitude in determining the amount of support that is appropriate in each case. In the instant case, I would conclude that the court erred in disregarding the obligation of appellee, as calculated through line 24 of Child Support worksheet. I would therefore reverse the judgment of the Fairfield County Common Pleas, and remand for further proceedings.
JUDGE W. SCOTT GWIN